UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RHODE ISLAND RECOVERY AND          )
TRANSPORT, LLC, a Rhode Island     )
Limited Liability Company,         )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 22-117 WES
                                   )
CARRIAGE INSURANCE AGENCY, INC.,   )
an Ohio Limited Liability Company, )
d/b/a RECOVERY INSURANCE SERVICES, )
                                   )
        Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court are Defendant's Motion for Summary Judgment ("Defendant's Motion"), Dkt. No. 25, and the Motion for Leave to File Second Amended Complaint ("Plaintiff's Motion"), Dkt. No. 28. The Court finds that no hearing is necessary. For the following reasons, Defendant's Motion is granted in part and denied in part, and Plaintiff's Motion is denied as moot.

I.   BACKGROUND

In late 2017, Plaintiff Rhode Island Recovery and Transport, LLC ("RIR&T") was a fledgling car repossession company looking for insurance. Def.'s Statement Undisputed Facts Supp. Mot. Summ. J. ("DSUF") ¶¶ 4-5, Dkt. No. 26. Critically, RIR&T needed insurance coverage for not only itself but also its clients, who would be

named on RIR&T's policy as "additional insureds."  Id. ¶ 7.  RIR&T obtained a policy with the help of Defendant Carriage Insurance Agency ("Carriage"), which did business as "Recovery Insurance Services" to attract repossession companies like RIR&T.  Id. ¶¶ 1, 6.  But Carriage failed to ensure that RIR&T's clients were covered under the policy as additional insureds.  Id. ¶¶ 8-9.  This came to a head in the fall of 2018, when a client of RIR&T discovered that it was not an additional insured while defending a lawsuit involving a repossession that RIR&T performed on its behalf.  Id. ¶¶ 15-21; see also Def.'s Statement Disputed Facts ("DSDF") ¶¶ 34, 39-41, Dkt. No. 38.  Carriage did not inform RIR&T of its failure to ensure that RIR&T's clients were named as additional insureds on the insurance policy that it obtained for RIR&T.  See DSDF ¶ 52.

The resulting fallout between RIR&T and its client led RIR&T to threaten legal action against Carriage.  In a December 2018 email from Emily Sprague, a member of RIR&T, to Scott Manley, a Carriage employee, Sprague wrote:

> I have spoken to my attorney regarding this matter already and he advised me to contact you first before I go any further.  Due to your compan[y']s negligence [our client] is withholding $3300.00 of our money and put us on hold until this investigation is complete because we did not have an Additionally insured which was provided to us and them through your company.  I am losing money weekly because of this . . . .  We have a review meeting with our attorney on Friday regarding this matter.  Please get back to me by then.  If I do not hear we will

2

go ahead and start suit against your company.

DSUF Ex. N, Dkt. No. 26-14.

The record suggests neither Manley nor anyone else at Carriage responded to Sprague's December 2018 email.  DSDF ¶ 68.  RIR&T did not sue Carriage, however, until March 2022, more than three years later.  Compl. 18, Dkt. No. 1.  In a seven-count Amended Complaint, RIR&T alleges negligence; breach of contract; both fraudulent and negligent misrepresentation, including by concealment; and breach of fiduciary duty.  1st Am. Compl. ("Am. Compl.") ¶¶ 32-62, Dkt. No. 13.

Carriage argues that all RIR&T's claims are time barred under the applicable statute of limitations, which it contends is three years.  Mem. L. Supp. Def.'s Mot. ("Def.'s Mem.") 2, Dkt. No. 25-1 (citing R.I. Gen. Laws § 9-1-14.1).  In response, RIR&T asserts that only some of its claims are subject to a three-year statute of limitations and, furthermore, that the statute was tolled until 2022, if not 2025, when RIR&T discovered key facts about the case.  See Pl.'s Opp'n Def.'s Mot. ("Pl.'s Opp'n") 15-19, Dkt. No. 33.  This "recently discovered evidence" is the basis for RIR&T's motion for leave to amend its pleadings, which does not seek to add new claims or theories of liability but rather supplement the pleadings with facts RIR&T has learned since filing suit.  Pl.'s Mot. 1-2, 11.

## II. LEGAL STANDARD

When reviewing a motion for summary judgment, a court must "examin[e] the record in the light most favorable to the nonmovant and draw[] all reasonable inferences in that party's favor." Hewes v. Pangburn, 162 F.4th 177, 196 (1st Cir. 2025) (quoting Quintana-Dieppa v. Dep't of the Army, 130 F.4th 1, 7 (1st Cir. 2025)). The movant must "demonstrate 'that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.'" Id. (quoting Dusel v. Factory Mut. Ins., 52 F.4th 495, 503 (1st Cir. 2022)).

"Where, as here, a defendant moves for summary judgment on the basis of an affirmative defense — like the statute of limitations — the defendant bears the burden of proof and 'cannot attain summary judgment unless the evidence that he provides on that issue is conclusive.'" Ouellette v. Beaupre, 977 F.3d 127, 135 (1st Cir. 2020) (quoting Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998)). "If the defendant produces such conclusive evidence, 'the burden shifts to the plaintiff to establish that the statute of limitations does not apply.'" Id. (quoting Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez, 659 F.3d 42, 50

n.10 (1st Cir. 2011)).

### III. DISCUSSION

The Court finds that all but two of RIR&T's claims are subject to a three-year statute of limitations, which began to run no later than December 2018, when Sprague first threatened to sue Carriage over its failure to ensure that RIR&T's clients were additional insureds on RIR&T's insurance policy. Those claims are therefore untimely, and Carriage is entitled to summary judgment.

As for RIR&T's two remaining claims, both of which sound in fraud, the Court finds that Carriage has not proven that they are subject to a three-year statute of limitations. The Court thus denies summary judgment as to RIR&T's fraud claims.

Finally, the Court denies RIR&T's motion for leave to amend its pleadings.

#### A. Defendant's Motion

In Rhode Island, the general statute of limitations for civil actions is ten years. R.I. Gen. Laws § 9-1-13(a). Two exceptions to the general rule are § 9-1-14.1, which imposes a three-year statute of limitations on actions for insurance agent malpractice; and § 9-1-14(b), which imposes a three-year statute of limitations on actions for personal injuries. Carriage argues that § 9-1-14.1 applies to all seven of RIR&T's claims (it also argues there was no fiduciary relationship between the parties). Def.'s Mem. 19-

20. Regarding the applicability of § 9-1-14.1, Carriage contends that RIR&T's negligence claim is subject to § 9-1-14.1 because it is an action for insurance agent malpractice; and, because RIR&T's remaining claims are duplicative of its negligence claim, § 9-1-14.1 applies to those claims as well.  See id. at 11, 17.  In response, RIR&T concedes that its claims for negligence, negligent misrepresentation, and negligent misrepresentation by concealment are subject to either § 9-1-14.1 or § 9-1-14(b).  Pl.'s Opp'n 35 & n.7.  But RIR&T contends that its four remaining claims — for breach of contract, fraudulent misrepresentation, fraudulent misrepresentation by concealment, and breach of fiduciary duty — are not duplicative of its negligence claim and are subject instead to the general ten-year statute of limitations under § 9-1-13(a).  Id. at 19-21, 35 & n.7.  It also responds to Carriage's fiduciary duty argument.  See id. at 30-34.

The Rhode Island Supreme Court has held that, when "negligence claims against professional defendants challenge the quality, effectiveness, nature, or propriety of the professional services rendered, such claims are subject to the applicable malpractice statute of limitation, regardless of whether the claimants can establish contractual or professional privity with professional defendants."  Bowen Ct. Assocs. v. Ernst & Young, 818 A.2d 721, 727 (R.I. 2003).  This Court sees no reason to limit the rule above

6

to negligence claims and not, for instance, claims for breach of contract, fraud, or breach of fiduciary duty.  For one, the final clause of the rule statement implies that claims for breach of contract will be available in certain professional malpractice actions.  If that is so, then it would make little sense to require a negligence claim arising from a cause of action for professional malpractice to be filed in three years while permitting a contract claim arising from that same cause of action to be filed in ten years.  Furthermore, the Rhode Island General Laws define "medical malpractice" — which is a specific type of professional malpractice — as "any tort, or <u>breach of contract</u>, based on health care or professional services rendered . . . by a physician, dentist," or other health care provider.  R.I. Gen. Laws § 5-37-1(14) (emphasis added).  This suggests that, depending on the circumstances, some forms of professional malpractice may be actionable as breaches of contract.  Finally, the Rhode Island Supreme Court has applied § 9-1-14.1 to non-negligence claims, including fraud and breach of contract, arising from a plaintiff's "professional relationship" with the defendant.  <u>See</u> <u>Behroozi v. Kirshenbaum</u>, 128 A.3d 869, 873 (R.I. 2016) (fraud); <u>Broccoli v. Manning</u>, 208 A.3d 1146, 1149-50 (R.I. 2019) (breach of contract); <u>see also</u> <u>Behroozi</u>, 128 A.3d at 871 (noting without disapproval trial judge's application of § 9-1-14.1 to plaintiff's claim for breach of fiduciary duty).  In

short, and as the Rhode Island Supreme Court has advised, "[a] claimant cannot evade [§ 9-1-14.1] merely by failing to mention the word 'malpractice' when drafting the pleading in question." Bowen, 818 A.2d at 727.

As stated above, Carriage argues that § 9-1-14.1 applies to RIR&T's negligence claim and, because RIR&T's remaining claims are duplicative of its negligence claim, § 9-1-14.1 also applies to those claims. Notably, Carriage does not argue in the alternative that, even if RIR&T's remaining claims are not duplicative of its negligence claim, § 9-1-14.1 still applies. See Def.'s Mem. 17-20. The Court starts with RIR&T's negligence claim, which is based on Carriage's alleged breach of its duty to "obey the instructions that RIR&T provided" and, after "promis[ing] to procure for RIR&T the . . . [i]nsurance policy and to include RIR&T's clients as additional insureds, . . . to ensure that the promised coverage was in fact obtained."[1] Am. Compl. ¶ 33. RIR&T states that, as

---

[1] According to the Amended Complaint, RIR&T's negligence claim is also based on, "among other things," either Carriage's failure to forward to RIR&T's insurer a "no known loss letter" that the insurer requested from RIR&T or, if Carriage did forward the letter and it was then rejected by the insurer, failing to inform RIR&T about this issue. See 1st Am. Compl. ("Am. Compl.") ¶¶ 34, 39. RIR&T does not mention these allegations in its response to Carriage's motion for summary judgment. See generally Pl.'s Opp'n Def.'s Mot. Summ. J. (Pl.'s Opp'n), Dkt. No. 33. In any event, the Court finds that, because this aspect of RIR&T's claim also challenges the quality, effectiveness, nature, or propriety of

a matter of fact:

> The requirement that a repossession business name its clients as additional insureds so that, if a client is sued in connection with a reposession, the client receives a defense and indemnity under the reposessor's insurance, is standard operating practice in the repossession industry.

DSDF ¶ 34 (citation modified). Especially in light of the parties' agreement that procuring an insurance policy which names the policy holder's clients as additional insureds is a "standard operating practice in the repossession industry," id., the Court finds that RIR&T's negligence claim "challenge[s] the quality, effectiveness, nature, or propriety of the professional services [that Carriage] rendered." Bowen, 818 A.2d at 727. Therefore, § 9-1-14.1 applies.

The Court next turns to RIR&T's claim for breach of contract, which is based on the same allegation as its negligence claim, i.e., that Carriage failed to obtain the proper insurance coverage for RIR&T and its clients. Compare Am. Compl. ¶ 34, with id. ¶ 39. Indeed, the only difference between RIR&T's negligence claim and its breach of contract claim is that, in the latter, RIR&T frames

---

professional services that Carriage rendered to RIR&T, it is likewise subject to R.I. Gen. Laws § 9-1-14.1's three-year statute of limitations. See Bowen Ct. Assocs. v. Ernst & Young, 818 A.2d 721, 727 (R.I. 2003). RIR&T fails to specify what "other things" Carriage might have done to constitute breach, aside from allegedly reneging on a deal with RIR&T's insurer to extend coverage to RIR&T's client at Carriage's expense, which is discussed in the following section. See Pl.'s Opp'n at 4-6.

Carriage's obligation to obtain the proper coverage as a "promise" for which RIR&T paid "good and valuable consideration." Id. ¶¶ 38-39. This minor shift in framing is not sufficient to unhitch RIR&T's contract claim from § 9-1-14.'1 three-year statute of limitations. Furthermore, because RIR&T's claim for breach of fiduciary duty is similarly coextensive with its negligence claim, the Court finds that § 9-1-14.1 applies to that claim as well. See id. ¶¶ 57-61.

Of RIR&T's four remaining claims, two are grounded in fraud – fraudulent misrepresentation; and fraudulent misrepresentation by concealment — and two are grounded in negligence — negligent misrepresentation; and negligent misrepresentation by concealment. See Am. Compl. ¶¶ 41-55. RIR&T has conceded that the negligence claims are subject to a three-year statute of limitations, whether by virtue of § 9-1-14.1 or § 9-1-14(b), which governs actions for personal injuries. Pl.'s Opp'n 35 & n.7. The Court thus concerns itself only with RIR&T's fraud claims. In contrast to its claims for breach of contract and fiduciary duty, RIR&T's fraud claims are not coextensive with its negligence claim. Rather, these claims are based on allegations that Carriage falsely represented to RIR&T that it obtained the requested coverage and thereafter concealed the truth from RIR&T. Am. Compl. ¶¶ 42-43, 46-47.

One could reasonably argue that, like RIR&T's other claims,

10

its fraud claims "challenge the quality, effectiveness, nature, or propriety of the professional services [that Carriage] rendered" to RIR&T.  Bowen, 818 A.2d at 727.  But Carriage does not make that argument.  See Def.'s Mot. 17-19; Def.'s Reply Mem. Supp. Mot. Summ. J. ("Def.'s Reply") 1-4, Dkt. No. 37.  Instead, Carriage argues exclusively that RIR&T's fraud claims — and its other non-negligence claims, for that matter — are "duplicative" of its negligence claim, and are thus subject to § 9-1-14.1 on that basis.  Def.'s Mot. 17-19.  But as the Court just observed, RIR&T's fraud claims are not duplicative of its negligence claims.  The burden falls on Carriage to prove it is entitled to summary judgment based on the applicable statute of limitations.  Ouellette, 977 F.3d at 135.  Because Carriage is right that RIR&T's claims for breach of contract and breach of fiduciary duty are duplicative of its negligence claim, Carriage has proven that § 9-1-14.1 applies to those claims.  But Carriage is incorrect in its assertion that RIR&T's fraud claims are duplicative as well.  Because that assertion is the only argument Carriage makes in support of applying § 9-1-14.1 to RIR&T's fraud claims, the Court finds that Carriage has not met its burden with respect to those claims.  Carriage may have a good argument that § 9-1-14.1 applies.  Until it makes that argument, however, RIR&T's fraud claims may proceed.

Having determined that all but two of RIR&T's claims are

subject to a three-year statute of limitations, the Court now turns to RIR&T's argument that the statute was tolled until 2022, if not 2025, when it discovered new facts about the case. See Pl.'s Opp'n 15-19. Section 9-1-14.1(3) provides that —

> In respect to those injuries or damages due to acts of medical, veterinarian, accounting, or insurance or real estate agent or broker malpractice that could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident that gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of the malpractice should, in the exercise of reasonable diligence, have been discovered.

R.I. Gen. Laws § 9-1-14.1(3); see Pl.'s Opp'n 39 (quoting statute). This is a codification of the discovery-rule exception, which "serves to 'protect individuals suffering from latent or undiscoverable injuries who then seek legal redress after the statute of limitations has expired for a particular claim.'" Sharkey v. Prescott, 19 A.3d 62, 66 (R.I. 2011) (quoting Canavan v. Lovett, Schefrin and Harnett, 862 A.2d 778, 783 (R.I. 2004)).

RIR&T argues that the discovery-rule exception applies to its claims because it did not "discover" key aspects of Carriage's alleged conduct until 2022, "around the time this lawsuit was filed," and 2025, during a deposition in this case. Pl.'s Opp'n 5-6; Pl.'s Mot. 6-7. "These facts," RIR&T argues, "clearly and strongly support [its] claims for negligence, breach of contract, and breach of fiduciary duty, and are not subject to dismissal on

12

limitations grounds because [RIR&T] did not discover them until 2022 and 2025." Pl.'s Opp'n 6. In other words, RIR&T contends that the statute of limitations on its claims did not begin to run until three years after it filed them.

That argument is unconvincing. "The standard applied to [the discovery rule-]exception is objective: it 'requires only that the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists.'" Sharkey, 19 A.3d at 66 (emphasis added) (quoting Canavan, 862 A.2d at 783). Regardless of what RIR&T may have learned in 2022 or 2025, Sprague's December 2018 email demonstrates that it was "on notice that a potential claim exist[ed]" more than three years before it filed suit. Id. If RIR&T's interpretation of the discovery-rule exception were correct, that would mean a plaintiff could sleep on its claims indefinitely, provided that, once the plaintiff finally got around to filing suit, new facts came out during litigation. Because the exception is not designed for that purpose, the Court finds that it does not apply to RIR&T's claims. The Court therefore grants summary judgment in favor of Carriage on all but RIR&T's fraud claims.

### B. Plaintiff's Motion

RIR&T only seeks to amend its pleadings with allegations that are relevant to its claims for negligence, breach of contract, and

13

breach of fiduciary duty.  <u>See</u> Pl.'s Mot. 11; <u>id.</u> Ex. 2, at 10-11, 13-14, 18-19, Dkt. No. 28-2.  As discussed in the preceding section, neither those allegations nor the circumstances of their discovery affect the timeliness of RIR&T's claims.  Because the Court has already determined that Carriage is entitled to summary judgment on RIR&T's claims for negligence, breach of contract, and breach of fiduciary duty, the Court finds that RIR&T's effort to amend its pleadings is moot.

**IV. CONCLUSION**

For the reasons above, Defendant's Motion for Summary Judgment, Dkt. No. 25, is GRANTED IN PART and DENIED IN PART; and the Motion for Leave to File Second Amended Complaint, Dkt. No. 28, is DENIED as moot.

IT IS SO ORDERED.

_____
William E. Smith
Senior District Judge
Date: January 21, 2026